[Civ. No. 2330.   First Appellate District.—April 12, 1918.]

## JAMES FOREMAN, Appellant, v. HUNTER LUMBER COMPANY (a Corporation), et al., Respondents.

NEGLIGENCE—INJURY TO EMPLOYEE—MALPRACTICE OF PHYSICIAN—LIABILITY OF EMPLOYER.—The liability of an employer, at common law and under the employers' liability law of 1911 (Roseberry Act), for the negligence of a physician engaged by the employer to treat an injured employee, is secondary to, and dependent upon, a showing of negligence on the part of the physician.

ID.—TREATMENT FOR INJURED EMPLOYEE — TIME LIMIT — EMPLOYERS' LIABILITY LAW.—Under the employers' liability law, there is no duty imposed upon the employer to furnish treatment to an injured employee for more than ninety days after the injury.

PHYSICIAN AND PATIENT — ACTION FOR NEGLIGENCE — PLEADING—COMPLAINT.—In an action for malpractice, a complaint alleging a course of treatment entirely consistent with the physician's exercise of all necessary care and skill, but alleging nonsuccess, is insufficient to charge negligence, since the doctrine of *res ipsa loquitur* is not applicable.

ID.—IMPLIED CONTRACT OF PHYSICIAN—REASONABLE SKILL.—The implied contract of a physician in taking a case is that he possesses a reasonable degree of learning and skill in his profession, and that he will apply the same to the treatment of the case, and if he possess and use such skill therein, he is not liable for the result, for a physician of necessity is not a warrantor of cures.

ID.—PLEADING—ALLEGATION OF NEGLIGENCE ESSENTIAL.—Negligence on the part of a physician consists in his doing something which he should not have done, or omitting to do something which he should have done, and in order to charge him with liability, some such negligent act or omission must be alleged in the pleading, in the absence of which it will be presumed that he used the necessary care and skill.

APPEAL from a judgment of the Superior Court of Alameda County.   William H. Donahue, Judge.

The facts are stated in the opinion of the court.

Austin Lewis, and R. M. Royce, for Appellant.

Chickering & Gregory, for Respondents Hunter Lumber Company et al.

D. C. Dutton, and M. C. McDonough, for Respondent Louis Lohse.

ZOOK, J., *pro tem.*—In this action plaintiff appeals from a judgment in favor of defendants after demurrer sustained to plaintiff's amended complaint. The cause of action attempted to be stated arises out of an injury received by plaintiff on March 18, 1913, while in the employ of defendant Lumber Company, which, at the time of the accident, was operating under the employer's liability law of 1911, commonly known as the Roseberry Act. The defendant surety company was the insurer for the Lumber Company; and defendant Lohse was the physician employed by the two corporations to treat plaintiff for the injury received. Each of the defendants demurred generally and specially to the complaint. The brief of the corporation defendants contained a very able discussion of the nature and extent of the liability of an employer, at common law and under the Roseberry Act, for the negligence of a physician engaged by the employer to treat an injured employee; but inasmuch as the liability of the employer and its surety in such a case is secondary to, and dependent upon, a showing of negligence on the part of the physician, it will not be necessary for this court to consider the questions above referred to, for the complaint fails to state a case of negligence or malpractice on the part of the attending physician.

The allegations of the complaint in which plaintiff seeks to show this negligence on the part of defendant Dr. Lohse commence with a statement that Dr. Lohse undertook to treat plaintiff ''but did not use due, proper, reasonable, or any care or skill in treating plaintiff's injury, but, on the contrary, carelessly and negligently treated said injury in this'': Then follow several paragraphs in which the course of treatment pursued by the doctor is set forth. It is alleged that for a time plaintiff's leg remained unset, except in splints, and that on a certain day the splints were removed, the leg set, and a cast put on; that thereafter the cast was taken off, and, it being found that the leg had not knitted, it was rebroken and reset and a plate and longer cast put on, which last cast was taken off after nine days and a shorter cast put on, and that thereafter plaintiff was discharged by Dr. Lohse, returned home, and remained in bed for four weeks. On or about July 4, 1913, and more than ninety days after the accident, it was discovered that the leg bones were not knitting, and plaintiff called upon the defendants to furnish

the treatment necessary to cure him, which demand was refused. It may be here noted that under the provisions of the Roseberry Act, section 8, there is no duty imposed upon the employer to furnish treatment to an injured employee for more than ninety days after the injury, and the complaint alleges that Dr. Lohse was employed to treat plaintiff for such ninety-day period. Therefore no liability on the part of any of the defendants can be predicated on their refusal to treat the plaintiff after the eighteenth day of June, 1913. The remaining allegations of the complaint set forth the course of treatment pursued by physicians thereafter employed by plaintiff, the expenses incurred by plaintiff in obtaining such treatment, and a general damage clause.

In pleading their case in the manner above set forth, plaintiff's counsel evidently misapprehended the law as to the duty and liability of physician to client. Their brief is wholly directed to the question of the liability of the corporation defendants, and the sole reference to the law of physician and patient to be found in their brief is the following phrase: "As to the liability of Lohse, it seems a case of *res ipsa loquitur.*" What they have really pleaded is a *non sequitur*, for the description of the course of treatment pursued by Dr. Lohse, contained in the complaint, is entirely consistent with his having exercised all necessary care and skill in treating plaintiff, and it does not follow from the allegation of the nonsuccess of the treatment that Dr. Lohse was negligent. As was said in *Houghton* v. *Dickson*, 29 Cal. App. 321, [155 Pac. 128], the implied contract of a physician in taking a case is that he possesses a reasonable degree of learning and skill in his profession and that he will apply the same to the treatment of the case; and if he possess and use such skill therein, he is not liable for the result, for a physician of necessity is not a warrantor of cures. "Negligence on the part of a physician consists in his doing something which he should not have done, or omitting to do something which he should have done" (*McGraw* v. *Kerr*, 23 Colo. App. 163, [128 Pac. 870]), and in order to charge him with liability, some such negligent act or omission must be alleged in the pleading. In the absence of such allegation, it will be presumed that the physician has used the necessary care and skill. (*Houghton* v. *Dickson, supra,* and cases there cited.)

The demurrers were properly sustained. Judgment affirmed.

Kerrigan, J., and Beasly, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied in the supreme court on June 10, 1918.