# BURROUGHS v. CRICHTON.

HUSBAND AND WIFE; CONSENT TO OPERATION ON WIFE; DECEIT; BREACH
OF CONTRACT; SUFFICIENCY OF DECLARATION.

1. A husband does not have such absolute control over the person of
his wife as to be the sole person to determine whether, and upon
what conditions, an operation shall be performed upon her, and
therefore a declaration in an action for damages for obtaining his
consent to an operation by false representations as to its serious-
ness is defective where it omits an averment that she did not
consent to the operation.

2. A declaration in an action for breach of a contract by a doctor to
attend the plaintiff's wife after the performance of an operation
sufficiently avers that the defendant's services as a physician and
surgeon were required and necessary, where it avers that she was
languishing in intense suffering, awaiting defendant's attendance,
and that it was necessary to call another physician.

No. 3197.　Submitted March 6, 1919.　Decided March 31, 1919.

HEARING on an appeal from a judgment of the Supreme
Court of the District of Columbia sustaining a demurrer to a
declaration in an action of deceit.

*Affirmed in part and reversed in part.*

The facts are stated in the opinion.

*Mr. Isaac R. Hitt* and *Mr. Richard P. Evans,* for the appel-
lant:

The first count in the declaration sets out all the essential
elements in an action for deceit. *Browning* v. *Bank,* 13 App.
D. C. 14; *Magruder* v. *Montgomery,* 33 App. D. C. 133; *Tys-*

NOTE.—Authorities discussing the question of liability of surgeon per·
forming surgical operation without consent are collated in notes in 1 L.R.A.
(N.S.) 439, 7 L.R.A.(N.S.) 609, and 50 L.R.A.(N.S.) 880.

*sowski* v. *F. H. Smith & Co.* 35 App. D. C. 403; *Cooper* v. *Schlesinger,* 111 U. S. 148, 155; *Stewart* v. *Wyoming Cattle Ranch Co.* 128 U. S. 383; *Fenwick* v. *Grimes,* 5 Cranch, C. C. 603; *Darling* v. *Stuart,* 63 Vt. 575.

The prevailing rule in the premises is comprehensively stated in the case of *Busternd* v. *Farrington,* 36 Minn. 320, as follows: "The fraud which gives rise to an action for deceit exists where a person makes a false representation of a material fact susceptible of knowledge, knowing it to be false, or as of his own knowledge when he does not know whether it is true or false, with intention to induce the person, in reliance upon it, to do or refrain from doing something to his pecuniary hurt; when such person, acting with reasonable prudence, is thereby deceived, and induced to so do or refrain, to his damage." *Hedin* v. *Medical, etc., Asso.* 62 Minn. 146.

"A false representation does not amount to a fraud in law, unless it be made with a fraudulent intent. There is, however, a fraudulent intent if a man, either with a view of benefiting himself, or misleading another into a course of action, make a representation which he knows to be false, or which he does not believe to be true." *Cooper v. Schlesinger,* 111 U. S. 148, 155; *McDonald* v. *Stuart,* 139 Mich. 311.

"A contract is an agreement, upon sufficient consideration, to do or not to do a particular lawful thing;" damage "is the loss caused by one person to another, either to his person, property, or relative rights, through design, carelessness or default; and damages "are the indemnity recoverable by the injured party from the party who has caused the injury."

The second count of the declaration alleges a lawful contract between these parties, in which for an agreed consideration the appellee undertook not only to operate upon appellant's wife, but also, as a material part thereof, he agreed to attend and treat her, as her physician, after said operation during her convalescence therefrom; that after the operation by him performed, appellee wilfully and wantonly neglected and refused to visit and attend her, and a different physician had to be employed by the appellant at additional money cost, notwithstanding the fact that appellant had paid the full consideration required by

the agreement. The resulting injuries, due to appellee's neglect and default, are specifically set forth, and lawful damages claimed, to which appellant is entitled. *Dermott* v. *Jones,* 2 Wall. 1; *Fererro* v. *Telegraph Co.* 9 App. D. C. 475 and authorities cited; *Larson* v. *Chase,* 47 Minn. 310.

*Mr. Frank J. Hogan* and *Mr. William H. Donovan,* for the appellee:

Admitting the facts alleged in the amended declaration to be true, they do not state a cause of action. The first count is founded in deceit and is clearly demurrable for one reason at least, namely, that on the face of the declaration the injury complained of was not caused by the alleged misrepresentation of the defendant. One of the essential elements of fraud is injury resulting to the plaintiff from relying and acting upon the misrepresentations. On the face of the declaration, the mental pain and anguish of plaintiff, the loss of his wife's companionship and services, and money loss, which plaintiff alleges he suffered, were caused, not by his reliance on defendant's alleged misrepresentations, but by the fact that his wife had cancer. *State use of Janney* v. *Housekeeper,* 70 Md. 162, which was an action for damages brought against two physicians, alleging the wrongful and unskilful performance of a surgical operation, the court said:

"The evidence shows that the deceased had been afflicted by the formation of a lump in her right breast. It was supposed at first to be a tumor, but was afterwards ascertained to be a cancer. The defendant Housekeeper, a regular physician, was consulted and advised a surgical operation. A day for the performance of the operation was appointed, and the two defendants and another physician were present and performed the operation by cutting off the entire right breast. The operation was performed about the first of June, and death occurred the fifth of December following. * * *

"The husband of the deceased, who was one of the equitable plaintiffs, relies upon the fact that although he expressed a will·

ingness that there should be an operation for a tumor, he did not consent to the excision of a cancer.    He says that he told Doctor Housekeeper that if the formation in the breast was a cancer, he objected to its removal.    *   *   *   He says he supposed that the medical men were operating for a tumor, and that he would not have consented to an operation for cancer.    There is evidence from which the jury might infer that the patient knew that the formation in her breast was cancer.    When the doctors came to the house, she had already prepared herself to undergo the operation.    If she consented to the operation, the doctors were justified in performing it, if, after consultation, they deemed it necessary for the preservation and prolongation of the patient's life.

"Surely the law does not authorize the husband to say to his wife: 'You shall die of cancer; you cannot be cured; and a surgical operation affording an only temporary relief will result in useless expense.'    The husband had no power to withhold from his wife the medical assistance which her case might require. *   *   *

"The consent of the wife, and not that of the husband, was necessary."

Plaintiff in his amended declaration says, not that the defendant in making the alleged statement that the patient had tumor knew as a fact that she had cancer, but that "as a skilled and experienced physician and surgeon" he knew it.    This assumes that skilled physicians and surgeons always know before they operate for internal growths whether such growths are malignant or benign, which is not the fact.    So-called false statements, when made relative to a matter about which there can be no such thing as absolute certainty, even though relied on and resulting in injury, are not actionable.    *Scroggin* v. *Wood,* 87 Iowa, 497; *Sheldon* v. *Davidson,* 85 Wis. 138; *Spead* v. *Tomlinson,* 73 N. H. 46; *Robertson* v. *Parks,* 76 Md. 118; *Norfolk, etc. Co.* v. *Arnold,* 49 N. J. Eq. 390; *Marsh* v. *Folker,* 40 N. Y. 567; *Alabama & V. R. Co.* v. *Turnbull,* 71 Miss. 1029; *Jackson & S. Co.* v. *Fay,* 20 App. D. C. 105; *Southern Development Co.* v. *Silva,* 125 U. S. 247; 20 Cyc. 17.

What defendant gave plaintiff was his "diagnosis" of the case; as alleged by plaintiff in his original declaration, and a diagnosis is said to be little more than a guess, enlightened by experience. *Swann* v. *Long Island R. Co.* 79 Hun, 612, 29 N. Y. Supp. 338; *Griswold* v. *New York C. & H. R. R. Co.* 115 N. Y. 64. A physician or surgeon is not liable for an error in diagnosis, unaccompanied by negligence. 30 Cyc. 1578, and cases cited in note 91.

The plaintiff claims damages in the first count for pain and anguish caused his wife and mental pain and anguish caused himself, and in the second count for his mental suffering and anguish. In *Adams* v. *Brosius,* — Or. —, 51 L.R.A. (N.S.) l. c. 39, 109 Pac. 729, which was an action for damages for breach of contract by a physician by reason of his failure to attend plaintiff's wife, the court, in holding that there could be no recovery for the husband's mental anguish, said:

"It is noticeable that the complaint is not based upon the claim that defendant's breach of contract was responsible for, or in any wise contributed to, the physical injury of plaintiff's wife; nor that the observance of the contract of employment on the part of defendant would have ameliorated the sufferings of the wife; nor have prolonged her life. Likewise, there is no charge made that defendant's presence at the bedside of plaintiff's wife would have prevented or even delayed her death.

"The pleading proceeds upon the theory that defendant's nonobservance of the contract caused plaintiff to suffer grievous mental and physical pain and anguish.

"The doctrine that mental suffering accompanying personal injury or physical pain is always the subject of compensation is so firmly implanted in the jurisprudence of the several States of the Union as to become a legal maxim." See also note to this case in 51 L.R.A. (N.S.) 36.

In 30 Cyc. 1582, and note 26, it is said: "At common law an action for an injury to a person caused by want of skill or negligence of a physician or surgeon does not survive the death of either party. It is immaterial whether the action is in form *ex contractu* or *ex delicto;* in other words, the injury is to the person, and not to the estate of the patient."

Mr. Justice Robb delivered the opinion of the Court:

Appeal from a judgment in the supreme court of the District sustaining a demurrer to appellant's (James E. Burroughs) amended declaration.

In the first of the two counts of the declaration it is averred that the defendant, MacPherson Crichton, appellee here, with intent to deceive the plaintiff and obtain from the plaintiff certain fees, informed plaintiff, "as a fact and not as an opinion," that plaintiff's wife "was affected with an ordinary benign tumor. * * * That the defendant well knew, as a skilled and experienced physician and surgeon, that the plaintiff's wife was afflicted with cancer, and that the operation therefor would be a major operation, putting in jeopardy the life of the plaintiff's wife;" that plaintiff, being in ignorance of the ailment of his wife and relying upon the good faith of the defendant, consented to the performance of an operation by the defendant upon plaintiff's wife; "that said operation was performed for cancer, and not for a benign tumor;" that the patent remained in the hospital for a month and a half, when she returned home in a dangerous condition resulting from the operation, and suffered pain until her death a few months thereafter; that "by reason of the aforementioned faults, deceitful and fraudulent representations, and assurances of the defendant, the plaintiff was deceived and fraudulently induced, by the defendant, to submit his wife to a dangerous and fatal surgical operation, which he would not have done had defendant told plaintiff the truth," etc.

The theory underlying this count is that a husband has absolute control over the person of his wife; that it is for him, and him only, to determine whether an operation shall be performed upon her, and, if so, upon what conditions. In other words, the theory is that in this respect the husband exercises the same control over his wife as is exercised by the owner of a chattel. This position is untenable. In *Bronson* v. *Brady*, 28 App. D. C. 250, 256, we said "that the tendency of the times is to emancipate married women from the harshness and disabili-

ties of the common law, and place them upon an equal footing with men." A wife, in the full possession of her faculties, is as much entitled, both morally and legally, to determine whether she shall submit herself to an operation as is the husband in respect to an operation on himself. And where a wife, in such circumstances, consents to an operation which is skilfully performed, the surgeon is not liable to the husband in damages. *Pratt* v. *Davis*, 224 Ill. 300, 7 L.R.A.(N.S.) 609, 79 N. E. 562, 8 Ann. Cas. 197; *State, Use of Janney* v. *Housekeeper,* 70 Md. 162, 2 L.R.A. 587, 14 Am. St. Rep. 340, 16 Atl. 382; 21 R. C. L. 392, 393. The following from the opinion in the latter case is pertinent here: "Surely the law does not authorize the husband to say to his wife: You shall die of the cancer; you cannot be cured; and a surgical operation affording only temporary relief will result in useless expense. The husband had no power to withhold from his wife the medical assistance which her case might require. * * * The consent of the wife, not that of the husband was necessary." In the present case, it is alleged that the defendant was "a skilled and experienced physician and surgeon;" that plaintiff's wife was afflicted with cancer and that defendant performed an operation therefor. It is not averred that the operation was unnecessary or that it was unskilfully performed. Neither is it averred that plaintiff's wife did not appreciate her true condition and consent to the operation. Such averments being lacking, it must be assumed that the facts did not warrant them. The count, therefore, is fatally defective.

In the second count it is alleged that the defendant, for the sum of $200, agreed to perform an operation on plaintiff's wife "and thereafter to give his professional attendance, care, and treatment" to her during her stay at the hospital and upon her return home until her recovery; that plaintiff performed his part of the contract; that after the operation plaintiff's wife was brought home "in a dangerous condition resulting from said operation;" that plaintiff called upon defendant to continue his professional attendance, care, and treatment of plaintiff's wife in accordance with the agreement, but that defendant neg-

lected, failed, and refused to do so; that, "after several days, during which the plaintiff's wife was languishing in intense suffering, awaiting defendant's attendance, the plaintiff was compelled to call in another physician at additional expense," and that by reason of the failure and refusal of the defendant to perform his contract plaintiff suffered damage, etc.

Treating the averments of this count as true, as we must, a cause of action is stated. A contract and its clear breach is set out, and, if the plaintiff should sustain these averments by proof, he would be entitled to recover. The defendant contends that there is no sufficient averment in this count "that the defendant's services as a physician and surgeon at the time (complained of) were required and necessary." It is in effect averred that when plaintiff unsuccessfully requested the defendant "to continue his professional attendance, care, and treatment of plaintiff's wife, in accordance with the agreement," she "was languishing in intense suffering, awaiting defendant's attendance," and that it was necessary to call another physician. While this averment is somewhat inartificial, we think it sufficient. The inference is irresistible that the patient needed medical attention, which the defendant, according to the pleader, neglected and refused to render.

It results that the judgment must be affirmed as to the first count and reversed, with costs, as to the second count.

*Affirmed in part and reversed in part.*