[Civ. No. 19587.   Second Dist., Div. One.   Aug. 19, 1953.]

HERBERT ROSENBERG, Appellant, v. EMANUEL L. FEIGIN, Respondent.

Edward B. Freed for Appellant.

Ralph N. Highsmith and Henry E. Kappler for Respondent.

SCOTT (Robert H.), J. pro tem.—Plaintiff appeals from judgment of dismissal pursuant to an order sustaining demurrer to plaintiff's third amended complaint without leave to amend. The latter order was made on November 24, 1950. Plaintiff, on January 12, 1951, moved to set aside the ruling previously made, and this motion was denied. Plaintiff then undertook to appeal from the order denying the motion to set aside the ruling, and this appeal was dismissed. (110 Cal.App.2d 56 [241 P.2d 1043].) The remittitur was filed with the county clerk on May 27, 1952, and was entered in the minutes of June 30, 1952. Thereafter, on August 4, 1952, the judgment was signed from which this appeal is taken.

The eight and one-half pages of the third amended complaint undertake to set out two causes of action by plaintiff, an allegedly aggrieved husband, against defendant who was the personal physician of plaintiff's wife. The wife does not join in this action.

Plaintiff alleges that his wife on February 18, 1950, was pregnant and that she retained defendant, a licensed physician, to attend her, but without plaintiff's authority or consent; that defendant knew or should have known (1) that the wife did not require the care defendant gave her and (2) that it might cause a miscarriage. He further alleges that defendant was told by the wife that plaintiff had opposed any such treatment unless it was required for her general health and well-being; that plaintiff did not know his wife was to undergo care or treatment other than in the ordinary course of her pregnancy; that he did not consent to it, and that it was not necessary; that the treatment "was in the nature of an examination with instruments which included therein probing, so as to amount to or constitute surgery"; that defendant's failure to notify plaintiff and get his consent

amounted to malpractice; that the wife had a miscarriage that would not have occurred except for defendant's treatment of her.

It is then alleged: "that plaintiff who had been joyously anticipating the supplementation of his family was thereby caused grievous mental disturbance, suffering and injury, and will continue to suffer grievous mental anguish throughout the entire lifetime of plaintiff, all to plaintiff's damage in the sum of $50,000." He also asks $600 medical expenses for the wife.

The second cause of action is substantially the same as the first and adds that the acts of defendant deprived plaintiff of and interfered with his constitutional rights "specifically his rights to the pursuit of happiness in his marital relations in accordance with Article I, Sec. I of the Constitution of the State of California"; that plaintiff was made emotionally, physically ill and suffered mental anguish. In addition to the damages set out under Count I, plaintiff seeks an additional $10,000 because "defendant's actions have caused a schism to be created in the marital relations of plaintiff and plaintiff's wife, causing further emotional and physical suffering to plaintiff.

The theory upon which plaintiff proceeded in filing his third amended complaint seems to be contained in the following portion of his brief:

"It is submitted that if a husband shall not have the right to consent to or oppose medical care and treatment to a wife regarding a pregnancy which care and treatment might result in a miscarriage, *where her health and well-being are not involved,* is to destroy and to deny his manhood; and to abrogate his manhood could only result in the destruction of the family as a unit and of society as a product of the family. Therefore, while admitting that as a general proposition of law, a wife has the right to obtain medical care and treatment for herself where her health and well-being are involved, there must be an exception to that law, which exception must recognize the purpose, function and objectives of marriage and the family, and the rights of the individual therein."

As nearly as we can ascertain from plaintiff's brief, his oral argument and his memorandum later filed, he regards the failure of the defendant to notify him of the contemplated care and treatment for the wife and to get plaintiff's consent thereto, as constituting negligence, and malpractice, and an

interference by defendant with plaintiff's pursuit of happiness in planning for and having a family. It would seem therefore that if plaintiff's knowledge and consent were not required, the order and judgment of the trial court were correct.

In his later memorandum plaintiff emphasizes that "the appellant's (plaintiff's) causes of action in the complaint are for causes of action predicated upon violation of personal rights of the plaintiff as distinct from injury to those rights that arise in consequence of injury to his wife. . . . Plaintiff has not claimed damages for injuries to his wife but only for injuries to himself."

The cases cited by plaintiff: *Perkins* v. *Trueblood*, 180 Cal. 437 [181 P. 642] ; *Foreman* v. *Hunter Lbr. Co.*, 36 Cal.App. 763 [173 P. 408] ; *Langford* v. *Kosterlitz*, 107 Cal.App. 175 [290 P. 80] ; *Ingamells* v. *Goodfellow*, 109 Cal.App. 62 [292 P. 162], and set out in 18 McKinney's Digest, 594, deal with questions of malpractice and in no way support the theory plaintiff seeks to maintain in the case now before us. We have read pages 467 to 499 of Restatement of Torts, volume 3, which plaintiff has asked us to consider as epitomizing legal basis for the contentions contained in the third amended complaint, and find nothing which suggests that plaintiff's position is legally tenable.

The only case mentioned by plaintiff which throws light on his contention is *Kritzer* v. *Citron*, 101 Cal.App.2d 33 [224 P.2d 808]. That case effectually disposes of his claim that the husband must know about and consent to medical treatment for the wife. In that case it was held that the consent of both husband and wife is not necessary, and on the contrary, the consent of the patient (wife) alone is sufficient, although in that case the operation performed was one in which the wife was sterilized and thereby rendered incapable of further childbearing.

The defendant as physician for the wife of plaintiff had a right and duty to give her the care and treatment that she required and consented to, according to accepted standards of his profession, and is not liable to the husband because he did not notify the husband of the nature and possible effect of the care which he contemplated and regarded as necessary, and did not secure the husband's consent.

We can only conclude that plaintiff, who now disavows any theory grounded in law, not only has not stated but could not state a cause of action against defendant and that the

ruling of the trial court and judgment pursuant thereto were correct. A defendant should not be harassed and the time of a court occupied with the trial of a case for which there is no warrant in law.

Judgment affirmed.

White, P. J., concurred.

Doran, J., concurred in the judgment.