J. C. MURRAY, Appellant,

v.

D. C. VANDEVANDER et al., Appellees.

No. 46159.

Court of Appeals of Oklahoma,
Division No. 1.

April 16, 1974.

Released for Publication by the Court of Appeals May 9, 1974.

Booth & Jay, Frank R. Hickman, Tulsa, for appellant.

T. Austin Gavin, Jones, Givens, Brett, Gotcher, Doyle & Atkins, Inc., Tulsa, for appellee St. John's Hospital.

Rogers, Rogers & Jones by Dan A. Rogers, Tulsa, N. Franklyn Casey, Tulsa, on the brief, for appellee Hillcrest Medical Center, an Okl. Corp.

BOX, Presiding Judge:

After the trial court sustained the appellees' demurrers to the appellant's petition, the appellant filed a motion for a new trial. This appeal is brought from the order of the trial court denying appellant's motion for new trial.

This action was commenced by appellant, hereafter called plaintiff, against appellees D. C. VanDevander, St. John's Hospital, and Hillcrest Medical Center. Plaintiff alleged in his petition that VanDevander was an agent of the other two defendants, St. John's and Hillcrest. It is further alleged that VanDevander performed a hysterectomy on Artie V. Murray, wife of plaintiff, without her husband's consent. There was no allegation that the operation was unsuccessful or that VanDevander was negligent. Plaintiff alleged that the actions of the defendants had interfered with the marital rights of the plaintiff and his wife. The petition further states that VanDevander "induced, and by the means of overreaching and unprofessional medical advice, prevailed upon the wife of plaintiff to submit to such surgery, . . ." The petition further states that "the plaintiff had warned and specifically notified said defendant that he did not approve, but in fact, strenuously objected to the performance of such surgery." As a result of the damage alleged to have been incurred by appellant to his right of consortium and "the right to reproduce another child", plaintiff sought recovery in the amount of $100,000.00.

The question presented on appeal is whether a husband can recover from a physician and hospitals for damage to a marital relationship resulting from an operation on the wife, consented to by her. It is the opinion of this court that such recovery was rightfully denied by the trial court.

In Muskogee Electric Traction Co. v. Green, 91 Okl. 200, 217 P. 155 (1923) the Supreme Court of Oklahoma held in Syllabus 2:

"A married woman, though living with her husband, has a statutory right to her separate earnings, and *a natural right to her health,* strength, skill, and capacity to earn, . . ." (Emphasis added.)

The natural right of a married woman to her health is not qualified by requiring that she have the consent of her husband in order to receive surgical care from a physician. This right of a woman with relation to child bearing was reiterated in People v. Belous, 71 Cal.2d 954, 80 Cal. Rptr. 354, 458 P.2d 194 (1969), in which the Supreme Court of California said 80 Cal.Rptr. at page 359, 458 P.2d at page 199:

". . . The fundamental right of the woman to choose whether to bear children follows from the Supreme Court's and this court's repeated acknowledgment of a 'right of privacy' or 'liberty' in matters related to marriage, family, and sex."

A situation similar to that of the instant case was the subject of State to use of Janney v. Housekeeper, 70 Md. 162, 16 A. 382 (1889). In the *Janney* case, the husband consented to removal of a tumor

from his wife if, and only if, it were found to be benign. The husband objected to removal of the tumor if it proved to be malignant. Tests revealed that the tumor was malignant and the physician removed the tumor. The wife died five months later and the action was brought for the benefit of her survivors against the physician. In the *Janney* opinion, the court said, at page 383,

" . . . If she consented to the operation, the doctors were justified in performing it, if, after consultation, they deemed it necessary for the preservation and prolongation of the patient's life. Surely the law does not authorize the husband to say to his wife: 'You shall die of the cancer; you cannot be cured, and a surgical operation, affording only temporary relief, will result in useless expense.' The husband had no power to withhold from his wife the medical assistance which her case might require."

And at page 384,

" . . . The consent of the wife, not that of the husband, was necessary."

Recovery was sought on a similar theory in Jeffcoat v. Phillips, 417 S.W.2d 903 (Tex.Civ.App.1967), wherein the Court said on page 906,

" . . . Appellants also contend to the effect that because there was no proof that Mr. Jeffcoat gave his consent to the operations in question performed on his wife, that coverture was a bar to a valid legal agreement on the part of the wife to consent to the operations in question. . . . Appellants cite no authority in support of such proposition, and we have found no authority to support such a proposition. The record shows Mrs. Jeffcoat was an adult married woman and no question appears or is raised as to her mental capacity. . . . A person does not fall within the classification of 'property', and Mrs. Jeffcoat, a person, had the right to consent to the operations in question if she chose to do so, and her husband's consent was not necessary."

We believe that the general rule in such cases is well stated in AmJur2d § 161, which reads as follows:

"A married woman in full possession of her faculties has power, without consent of her husband, to submit to a surgical operation upon herself, and he has no inherent power to consent to a dangerous operation on her."

In his petition, plaintiff sought recovery for damage to his "right to reproduce another child." We have found no authority and plaintiff has cited none which holds that the husband has a right to a child-bearing wife as an incident to their marriage. We are neither prepared to create a right in a husband to have a fertile wife nor to allow recovery for damage to such a right. We find that the right of a person who is capable of competent consent to control his own body is paramount.

■ There is no allegation in the petition that plaintiff's wife was of diminished capacity or otherwise incapable of consent. There was no necessity for the physician in the instant case to obtain the consent of the plaintiff. No duty was breached by performance of the operation without consent of the husband of the patient.

It is argued by the plaintiff that Van-Devander secured consent for the operation in question by means of "overreaching and unprofessional medical advice." Plaintiff contends that the use of his confidential and professional position by VanDevander to obtain the consent of plaintiff's wife renders such consent void. It is the opinion of this court that the plaintiff's wife rather than the plaintiff would be the proper party to complain of such behavior by the physician.

Application by plaintiff for summary reversal as to defendant VanDevander is hereby denied.

For the reasons herein set forth, we affirm the decision of the trial court.

Affirmed.

ROMANG and BAILEY, JJ., concur.