## Voluntary Sterilization

KANE, *Attorney General,* November 5, 1975— You have been asked whether the law requires that a hospital and/or doctor obtain spousal consent before performing a voluntary sterilization operation on a married person. You indicate that many hospitals and physicians in Pennsylvania have a policy of requiring spousal consent before performing a sterilization operation on a married individual, and that the Department of Health has received numerous complaints from the public regarding this practice. It is our opinion, and you are so advised, that there is no statutory or case law in Pennsylvania that requires a hospital or doctor to obtain spousal consent before performing a voluntary sterilization operation on a married person. In addition, no court in the United States has held a hospital or physician civilly or criminally liable for performing a voluntary sterilization operation without the consent of a married patient's spouse when a patient has given his or her informed consent for the operation.[1]

## I. STATUTORY LAW

There is no statutory law in Pennsylvania requiring spousal consent for voluntary sterilization. Some States do have such statutes; however, their constitutionality appears to be questionable. A number of recent court decisions have invalidated statutorily-imposed spousal consent provisions in the area of abortion. See Doe v. Bellin Memorial Hospital, 479 F. 2d 756 (7th Cir., 1973); Planned

---

1. Of course, informed consent of the patient would be necessary under Pa. law before any medical procedure— including a sterilization operation—may be legally performed. See Planned Parenthood Assoc. v. F. Emmett Fitzpatrick, infra; Dunham v. Wright, 423 F. 2d 940 (3rd Cir. 1970).

Parenthood Association v. F. Emmett Fitzpatrick, Jr., Civ. Action No. 74-2440 (E.D. Pa., Sept. 4, 1975); Gerstein v Coe, 376 F. Supp. 695 (S.D. Fla., 1973), app. dism. and cert. den., 417 U.S. 279, 94 S. Ct. 2246, 41 L. Ed. 2d 68 (1974); Doe v. Rampton, 366 F. Supp. 189 (C.D. Utah, 1973). In one case, although a spousal consent provision in a statute was not invalidated, the Supreme Court did order a stay of enforcement of the statute. See Plannéd Parenthood of Central Missouri v. Danforth, 392 F. Supp. 1362 (E.D. Mo., 1975), stay granted, 423 U.S. 819, 95 S. Ct. 1111 (1975). In general, the courts have found that a spousal consent provision in an abortion statute violates the constitutional right of privacy of a pregnant woman. By analogy, a statute requiring spousal consent for voluntary sterilization would also appeaʁ to be unconstitutional.

## II.  CASE LAW

A.  There is no case law in Pennsylvania which imposes liability on a hospital or physician for having performed a voluntary sterilization operation without having obtained the consent of the patient's spouse. The few non-Pennsylvania cases which have been decided in this area have held the physician not liable to the patient's spouse for performing a voluntary sterilization operation. In the case of Murray v. Vandevander, 522 P. 2d 302 (Okla. Ct. of App., 1974), a husband who did not consent to the performance of a hysterectomy on his wife brought action against a physician for damages to his right of consortium and right to produce another child. The Court of Appeals of Oklahoma held that the consent of the husband was not necessary where the wife was capable of giving

her own consent, and that the husband was not entitled to recover damages of any kind for the performance of an operation to which he did not consent. The court stated that:

"The natural right of a married woman to her health is not qualified by requiring that she have the consent of her husband in order to receive surgical care from her physician." 522 P.2d 302, 303.

In Kritzer v. Citron, 101 Cal. App. 2d 33, 224 P. 2d 808 (1950), a patient's husband sued a hospital to recover damages resulting from a sterilization operation which was performed on his wife without his consent. The action was brought on a legal theory of assault. The court held that there is no requirement that a husband consent to a voluntary sterilization performed on his wife, since the informed consent of the patient alone is sufficient to authorize the operation.

A number of cases involving surgery other than voluntary sterilization have reaffirmed the principle that physicians who have given medical treatment or performed surgery on married persons without the consent of their spouses are not liable to the spouse for damages, since the consent of a married person who is a competent adult is sufficient for medical treatment, and additional consent by a spouse is not necessary: Burroughs v. Crichton, 48 App. D.C. 596 (1919); State, to Use of Janney v. Housekeeper, 70 Md. 162, 16 A. 382 (1889); Rytokonen v. Lojacono, 269 Mich. 270, 257 N. W. 703 (1934); Rosenberg v. Feigin, 119 Cal. App. 2d 783, 260 P. 2d 143 (1953); Barker v. Heaney, 82 S. W. 2d 417 (Tex. Civ. App., 1935).

B. There is non-Pennsylvania case law holding that a woman has a constitutional right to obtain a sterilization operation without the consent of her

husband. In the recent case of Ponter v. Ponter, 135 N.J. Super. 50, 342 A. 2d 574 (1975), the New Jersey Superior Court decided that a married woman has a constitutional right to obtain a sterilization operation without the consent of her husband. The court stated that:

"Women have emerged in our law from the status of their husband's chattels to the position of 'frail vessels' and now finally to the recognition that women are individual persons with certain and absolute constitutional rights. Included within those rights is the right to procure an abortion or other operation without her husband's consent. A natural and logical corollary to those rights is the right to be sterilized without her husband's consent.": 342 A. 2d, at 577.

In addition, in the case of Hathaway v. Worchester City Hospital, 475 F. 2d 701 (1st Cir., 1973), the court held that a city hospital's prohibition of sterilization operations violates the equal protection clause of the United States Constitution. The court stated that:

". . . it is clear under Roe and Doe that a complete ban on surgical procedures relating to the fundamental interest in the pregnancy decision is far too broad when other comparable surgical procedures are performed.": 475 F. 2d, at 706.

Thus, where a public hospital performs other types of elective surgery at comparable risk and complexity without spousal consent, it would be unconstitutional to require spousal consent for elective sterilization.

### III. SUMMARY

In conclusion, you may inform the hospitals under your jurisdiction that there is no case law or

statutory law in Pennsylvania imposing liability on a physician or hospital for performing a voluntary sterilization on a patient without obtaining the consent of his or her spouse.