**Ossie P. JOHNSON, mother, next of kin, and personal representative of Ossie Diane Johnson, Deceased, and Administratrix of the Estate of Ossie Diane Johnson, Deceased, Appellant,**

v.

**Milton D. BERNARD et al.,[1] Appellees.**

**No. 11817.**

District of Columbia Court of Appeals.

Argued Jan. 24, 1978.

Decided Aug. 10, 1978.

David B. Martin, Washington, D. C., with whom Robert S. Bennett, Washington, D. C., was on the brief, for appellant.

Michael T. Rapp, Washington, D. C., with whom Leo A. Roth, Jr., Washington, D. C., was on the brief, for appellees.

1. Dr. Bernard was named as a defendant both in his personal capacity and in his capacity as a public corporation. Thus, there are two appellees reflected in this record.

491

Before NEBEKER, HARRIS and FERREN, Associate Judges.

NEBEKER, Associate Judge:

This is an appeal from a jury verdict for the defendant in a wrongful death action. Appellant assigns as error (1) the trial court's refusal to grant a new trial on the ground that the verdict was against the weight of the evidence, and (2) the denial of a jury instruction on the issue of medical abandonment. Finding no error, we affirm.

On September 2, 1975, Ossie Diane Johnson, a healthy 21-year-old woman, entered the offices of Dr. Bernard, an oral surgeon, for a tooth extraction. In an attempt to save the tooth, the doctor suggested a root canal procedure. With Miss Johnson's permission, he administered four different anesthetics and proceeded with the root canal, which took approximately one and one-half hours. During this time the patient was sedated but responsive. She was administered oxygen to counter the depressant effects of the anesthetics on her respiratory system. Ten to twenty-five minutes after the root canal was completed, she became ambulatory and was transferred to a recovery area.

Dr. Bernard's assistant was responsible for helping the patient to the recovery area, and then monitoring her vital signs to insure that her recovery occurred without incident. However, the assistant did not monitor her vital signs, but instead inquired of the patient's general well-being. After receiving a mumbled response, the assistant left the room. She returned a short time later to find Miss Johnson still breathing and left once again.

Dr. Bernard entered the recovery room an unknown amount of time after his assistant's second departure. He noticed that his patient was unconscious and that her lips were blue, evidencing a severe loss of oxygen. The doctor immediately began cardiopulmonary resuscitation. For the next thirty minutes he performed cardiac massage while his assistant administered oxygen. After obtaining no cardiac response, the doctor injected Epinephrine in an attempt to stimulate the heart. The drug immediately produced a pulse in the patient's neck. When she was transferred by ambulance to D.C. General Hospital, she was still unconscious and not breathing spontaneously, but her pulse and blood pressure had been restored. Miss Johnson was placed in the intensive care unit, where never having regained consciousness, she died a week later.

After hearing five days of factual and expert testimony, the jury returned a verdict for the defendant. The trial court, in ruling against a Super.Ct.Civ.R. 59 motion for a new trial, said that "although its verdict was unexpected, it did rest upon strong, reputable evidence."

The trial court must exercise its discretion in ruling on a motion for new trial when it is claimed that the verdict is against the weight of the evidence. *Eastern Air Lines v. United Trust Co.*, 99 U.S. App.D.C. 205, 239 F.2d 25 (1956). However, appellate review of this denial is limited to determining whether the trial court has abused its discretion. *Eastern Air Lines v. United Trust Co., supra; Bayne v. Richards*, D.C.App., 236 A.2d 442 (1967).[2] We cannot say that the trial court abused its discretion in the instant case.

Appellant's second contention is without merit. The denied instruction read as follows:

The jury is instructed that once a doctor enters into a professional relationship with a patient, *he is not at liberty to terminate that relationship at will.* That

2. Indeed, even such narrow appellate review was at one time considered violative of the Seventh Amendment. In *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 248, 60 S.Ct. 811, 856, 84 L.Ed. 1129 (1940), the Supreme Court declared, "Certainly, denial of a motion for a new trial on the grounds that the verdict was against the weight of the evidence would not be subject to review." *See Wright & Miller*, Federal Practice and Procedure: Civil § 2819 (1973), for a discussion of the change in the law to allow review of the denial of new trial motions on the ground that the verdict was against the weight of the evidence.

relationship will continue until it is ended by one of the following circumstances: (1) the patient's lack of need for further care; or (2) the withdrawing doctor being replaced by an equally qualified medical person. Withdrawal from the case under any other circumstances constitutes a wrongful abandonment of the patient and if the patient suffers any injury as a proximate result of such wrongful abandonment, the doctor is liable for it. [Emphasis added.]

Such an instruction clearly was inappropriate in this case where the evidence did not show a termination of the doctor-patient relationship. *See Burroughs v. Crich-*

*ton*, 48 App.D.C. 596 (1919); Annot. 57 A.L. R.2d 432 (1958).[3] The evidence did show that Dr. Bernard provided intermittent rather than continuous care, raising a question of negligence—not abandonment.

According, the judgment appealed from is

*Affirmed.*

---

**3.** *Ascher v. Gutierrez*, 175 U.S.App.D.C. 100, 533 F.2d 1235 (1976), is not to the contrary. The court there held that the jury could find abandonment of a patient by an anesthesiologist who left the operating room during surgery without being replaced by another anesthesiologist. Such action was viewed by the court as a termination of the anesthesiologist-patient relationship.