[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Jerome Z. Ginsburg, has appealed the decision of the defendant, Zoning Commission of the Town of New Milford, denying his application for a change of zone on land owned by him consisting of 29.4 acres in an R-40 zone.
On November 20, 1990, Mr. Ginsburg petitioned the Zoning Commission of the Town of New Milford to change the zoning designation for the premises from an R-40 zone to an R-8 zone. The effect of the zone change would be to reduce the minimum square footage required for a residential building lot from 40,000 square feet to 8,000 square feet.
On January 22, 1991, the Commission held a public hearing on the Ginsburg application. Notice of the public hearing was published in The New Milford Times on January 10, 1991 and January 17, 1991. At its meeting of February 28, 1991, the Commission by unanimous vote denied the application. Notice of the decision of the Commission was published in The New Milford Times on March 7, 1991, and On March 20, 1991, the plaintiff appealed the decision of the Commission to this court. CT Page 1134
The sole issue is whether the Commission acted illegally, arbitrarily or in abuse of its discretion in refusing to grant the change of zone requested by Mr. Ginsburg.
 I
The plaintiff and the defendant have stipulated to facts which establish aggrievement. It is agreed that Mr. Ginsburg is the owner of a parcel of land in the Town of New Milford containing approximately 29.4 acres and located on Route 202 in New Milford, which property is the subject of the above captioned appeal. The property in question is part of a 33 acre parcel acquired by the plaintiff on or about December 19, 1986, as evidenced by a Conservator's Deed recorded at volume 362, page 607 of the New Milford Land Records. Mr. Ginsburg has owned the property continuously and without interruption from December 1986 to the present time.
 II
In Burnham v. Planning Zoning Commission, 189 Conn. 261
(1983), the supreme court ruled that the trial court erred in sustaining an appeal and reversed the decision of the trial court. In its ruling the court stated at page 265 of its decision:
 The present appeal, involving a decision upon an application for a change of zone, required the trial court to review a decision made by the Commission in its legislative capacity. In such circumstances, it is not the function of the court to re-try the case. Conclusions reached by the Commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached. Calandro v. Zoning Commission, 167 Conn. 439, 44, 408 A.2d 229 (1979).
Courts cannot substitute their judgment for the wide and liberal discretion vested in local zoning authorities when they have acted within their prescribed legislative powers. Courts must not disturb the decision of a zoning commission unless the CT Page 1135 party aggrieved by the decision establishes that the commission acted arbitrarily or illegally. First Hartford Realty Corp. v. Town Plan Zoning Commission, 165 Conn. 533, 540-41,388 A.2d 490 (1973). Burnham, supra 266; see, Stiles v. Town Council,159 Conn. 212.
Throughout the long history of zoning in this state, there is no reported supreme court decision or appellate court decision where the court has ever ruled that a local zoning commission was required to grant a change of zone to permit a specific use of a specific parcel of land without a showing that the present zoning classification of that parcel of land was confiscatory. No court has ever taken this action because to do so the court would be usurping a legislative function delegated by statute to the zoning commission. III
The plaintiff claims that the zoning commission's denial of the plaintiff's zone change is arbitrary, capricious and illegal and in abuse of the Commission's discretion under Chapter 124 of the Connecticut General Statutes in that the asserted reason for denial has no basis whatsoever in the record and is in fact contradicted by evidence in the record.
Section 8-3(c) of the General Statutes provides in part, "whenever such Commission makes any change in a regulation or boundary it shall state upon its record the reason why such change is made." The clear language of the statute requires the Commission to state the reason for the change whenever it makes a change, not where one is denied. In this case the Commission, although it was not required to do so did set forth the reasons for its decision. The decision of the Commission and the reasons therefor are set forth in Record #15. Each commissioner who expressed an opinion based his vote to deny the zone change on a lack of sewers.
The intent and purpose to be served by the zoning regulations of the Town of New Milford is set forth in Article I Section I thereof and generally tracks the statement of purpose set forth in section 8-2 of the General Statutes which provides in part, as follows:
 Such regulations shall be made in accordance with a comprehensive plan and shall be designed to lessen congestion in the streets; to secure safety from fire, panic, flood and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to CT Page 1136 avoid undue concentration of population and to facilitate the adequate provision for transportation, water, sewerage, schools, parks and other public requirements. Such regulations shall be made with reasonable consideration as to the character of the district and its peculiar suitability for particular uses and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout the municipality.
The petition filed by Jerome Z. Ginsburg with the Commission sought to change the zoning classification of his land from R-40 to R-8. The uses of land permitted in each zoning category are the same; however, the character of the lots, including setback and frontage requirements, is dramatically different.
The height and area requirements of the regulations are set forth in Article X, page 1595 thereof. Lots in an R-80 zone are required to have 40,000 square feet of area; lots in an R-8 zone are required to have an area of 8,000 square feet. The minimum frontage requirement in the R-40 zone is 150 feet; the minimum frontage requirement in the R-8 zone is 60 feet. The minimum front yard setback in the R-40 zone is 40 feet; the minimum front yard setback in the R-8 zone is 15 feet. The minimum side yard requirement in the R-40 zone is 30 feet; the minimum side yard requirement in the R-8 zone is 10 feet. The minimum rear yard requirement in the R-40 zone is 40 feet; the minimum rear yard requirement in the R-8 zone is 35 feet. The area and setback requirements of the R-8 zone permit substantially greater density of population and with that greater population substantially greater activity
The record contains a letter from the New Milford Visiting Nurse Association objecting to the change on the grounds of traffic congestion, demands upon public schools as well as environmental concerns. Record #6. In addition the town planning commission recommended denial, "in the best interest of the townspeople of New Milford and their health, safety and welfare." Record #7. The Ginsburg parcel does not have public sewers. The lack of the availability of public sewers was expressly raised by the Commission at the public hearing. The petitioner acknowledged the lack of public sewers and stated that he had no idea of when the sewers would be in place to serve his property. Courts in Connecticut have consistently held that a zoning commission is by no means confined to a consideration of only such evidence as may be presented to its, and is not required to disclose at the public hearing the information upon which it will act. It is CT Page 1137 entitled to take into consideration facts which have been learned through personal observation. Jennings v. Connecticut Light 
Power Co., 140 Conn. 650, 675; Mrowka v. Board, 134 Conn. 149,154; Central Bank For Savings v. Commission, 13 Conn. App. 448,454; Burnham v. Planning Zoning Commission supra, at 267; Dram Associates v. Planning and Zoning Commission 21 Conn. App. 538,542. In addition thereto, the courts have permitted lay members of commissions to rely on their personal knowledge concerning matters readily within their competence, such as traffic congestion, street safety and local property values. Feinson v. Town of Newtown, 189 Conn. 421, 427; Central Bank For Savings v. Planning Zoning Commission, 13 Conn. App. 448, 454.
The Commission was not called upon to exercise an administrative function. The application presented to the Commission requested that it legislate i.e. change the zoning map. In this situation the commission can simply say we don't wish to change the zoning map. The fact that the Commission concluded that the reason why it should not legislate, was the lack of public sewers and the lack of any reasonable assurance of when, if ever, public sewers will be available is immaterial. It need not have given any reason for refusing to legislate and as long as the present regulations do not operate in a confiscatory manner, the court is without jurisdiction to intercede. The plaintiff's position that the Commission could not refuse to grant its application for a change of zone on the basis of the lack of public sewers and the lack of any reasonable assurance of when, if ever, public sewers will be available is misplaced and that there is a reasonable basis in the record to support the decision of the Commission.
For the reasons set forth, the plaintiff has failed to sustain his burden of demonstrating from the record that the defendant Commission acted illegally, arbitrarily or in abuse of its discretion in denying his application for a change of zone and accordingly the appeal of the plaintiff is dismissed.
PICKETT, J.