Ruth Hill, a Minor, by and Through Her Next Friend, Katherine Hart, a Single Woman, Plaintiff in Error, v. Dr. Herman L. Boughton, Defendant in Error.

1 So. (2nd) 610
En Banc
Opinion Filed April 1, 1941

*Wm. J. Pruitt* and *A. J. Kaplan,* for Appellant;

*Blackwell & Walker,* for Defendant in Error.

BUFORD, J.—On writ of error we review judgment for defendant on demurrer sustained to a second amended declaration wherein plaintiff sought to recover for damages alleged to have resulted from the carelessness and negligence exercised toward plaintiff by a practicing physician employed by plaintiff to examine her, diagnose her condition and treat her for some malady of which she was then afflicted and suffering.

The declaration alleges:

"That on or about to-wit: The 1st day of April 1937, the defendant, for compensation to be paid to him by the plaintiff, did undertake to treat and attempt to heal the plaintiff of and from a malady, the true and exact nature of which was unknown to the plaintiff, and the defendant did represent himself to possess and did bind himself to exercise the degree of skill and learning ordinarily possessed and exercised under similar circumstances by the members in good standing of defendant's profession, and to use ordinary and reasonable care and diligence in the application of his skill, and it thereupon became and was the duty of the defendant to exercise ordinary and reasonable care and diligence in the application of his skill in the diagnosis and treatment of the plaintiff's ailment; but notwithstanding his duty in the premises, the defendant, on the 1st day of April, 1937, failed to exercise ordinary and reasonable skill, and did negligently and carelessly diagnose the plaintiff's condition as tuberculosis of the lungs, which said diagnosis was a wrong diagnosis, the plaintiff at the said time and place not being afflicted with the malady of tuberculosis of the lungs,

neither did the plaintiff at the said time and place display any injury or ailment or symptoms of any ailment from which any doctor possessing ordinary skill and learning and exercising ordinary skill and learing and ordinary and reasonable care and diligence in the application of his skill, could have diagnosed the ailment of the plaintiff as tuberculosis of the lungs.

"That on or about the 13th day of April, 1937, the defendant again failed to exercise ordinary and reasonable care and diligence generally exercised by members in good standing of his profession, in that he did negligently and carelessly advise the plaintiff to confine herself to bed and that she, the said plaintiff did so confine herself to her bed for a period of thirteen (13) months, under and by virtue of the advice of the defendant so carelessly and negligently prescribed, the plaintiff at the said time and place not displaying any ailment or symptoms of disease or ill health to warrant the prescription of such treatment.

"That by reason of the negligence and carelessness of the defendant as aforesaid, the plaintiff did suffer grievous injury, in that her general health became permanently impaired and undermined, she suffered great physical pain and discomfort and great mental pain and anguish, and said injuries are of a permanent nature, and plaintiff still languishes and at all times herein has been unable and is still unable to seek or procure employment, and has been put to great expense in her effort to restore herself to normalcy."

The major infirmities appearing in the declaration are:

(a) It does not allege malady of which plaintiff was afflicted;

(b) It does not allege the nature or symptoms of the malady of which plaintiff was suffering;

(c) It does not allege that by the exercise of reasonable care and diligence defendant could have ascertained and

determined the identity of the malady of which plaintiff suffered;.

(d) It is not alleged that the treatment prescribed by defendant and followed by plaintiff was not a reasonable and proper treatment of and for the malady of and from which defendant suffered.

(e) It is not alleged that defendant did not make such an examination as the condition of plaintiff and surrounding circumstaces would permit or that he did not use such methods of examination and diagnosis for discovering the nature of the ailment as are usually approved and practiced by men of his profession of ordinary or average learning, judgment and skill in that or similar localities.

Plaintiff was ill and, therefore, needed a physician. "They that are well have no need of a physician." The physician was employed not only to treat plaintiff but first to determine the identity of the malady of which plaintiff suffered and then to prescribe treatment for such malady. If the. treatment administered happened to be the proper treatment for the malady of which plaintiff suffered then she has no cause of action. If the treatment did the plaintiff no injury but her discomfort is the result of the malady of which she suffered although the physician has administered the proper and usual treatment ordinarily and generally administered by physicians possessed of a reasonable degree of learning and skill in his profession, she has no cause of action.

In Osborn v. Carey, 24 Idaho 158, 132 Pac. 957, the declaration alleged that the plaintiff suffered with a disease of the leg which disease and ailment was well known and accompanied by peculiar signs and symptoms which an ordinary physician would detect and that the defendant negligently and unskillfully treated the respondent for blood poisoning and that the plaintiff suffered great damage and in-

jury to his health and constitution and great mental anguish and physical pain by being permanently deformed, crippled and weakened in the body, to his great damage in the sum of $5,000.00, demurrer was filed to the declaration and the trial court overruled the demurrer. The Supreme Court of Idaho held that the declaration was vague, indefinite and uncertain in that it did not allege the nature of the alleged disease of which plaintiff was suffering or what were the signs and symptoms of such disease which, it was alleged, were well known and peculiar. The Court said:

"In this class of cases in order to enable counsel to properly prepare a case for trial it is usually necessary for them to make considerable study of the ailment or disease with which it is claimed plaintiff is suffering in order that they may properly defend their client. The danger of the defendant in such case on a general allegation of a disease claimed to be a 'well known disease' without naming it or giving its signs and symptoms, is certainly increased in a malpractice action over the ordinary action, and it would seem only fair to the defendant that the plaintiff should be required to name the disease with which he was afflicted."

In the instant case we find the declaration alleges neither the name of the disease or malady of which plaintiff suffered. Nor do we find any allegations as to the signs and symptoms apparent; nor do we find any allegations that it was such a malady as should have been recognized by the defendant.

In the case above cited it was also pointed out that the declaration was uncertain in that it could not be determined from its allegations whether the plaintiff's claim of negligence in the treatment of a disease correctly diagnosed or whether he relied upon the fact that it was the wrong treatment for the malady of which plaintiff suffered. The Court said:

"If we assume that the exact charge of negligence as to the treatment related only to the mistake of the disease, and that the appellant had wrongfully diagnosed it as 'blood poisoning, and treated the ailment on the wrong theory as to the nature of the disease, the defendant would not necessarily be liable even though the treatment did not produce good results, for it must appear from the allegations of the complaint that the treatment was not proper from the standpoint of the consensus of opinion among physicians and surgeons of ordinary skill and learning in the profession in the locality wherein defendant practiced."

In the instant case, for all the declaration gives us to know, the proper treatment of the malady of which the plaintiff suffered was that which was recommended and applied by the physician. If this should be true the defendant would not be liable for using such treatment, even though it did not produce good results. See Osborn v. Carey, *supra;* Tomer v. Aiken, 126 Iowa 114, 101 N. W. 769; Jackson v. Burnham, 20 Colo. 532, 39 Pac. 577, 30 Cyc., page 1575.

That defendant failed to effect a cure does not raise a presumption of negligence. 30 Cyc. 1584; Foreman v. Hunter Lumber Co., *et al.,* 36 Cal. App. 763, 173 Pac. 408; Haughton v. Dickson, 29 Cal. App. 321, 155 Pac. 128.

In Mirriam v. Hamilton, 64 Ore. 476, 130 Pac. 406, it was held:

"A complaint, in an action by a married woman for malpractice, which alleges that she employed defendant as her physician to treat her for a backache, that he mistakenly diagnosed her case as one of pregnancy, that he negligently failed to examine her to ascertain that she was not in such condition, and failed to ascertain her true condition and that by reason thereof she was rendered sick and injured in her health and rendered weak and nervous, states no

cause of action for failing to show that her real condition was one of disease which by the exercise of ordinary skill defendant should have discovered; 'disease' being defined as an alteration in the state of the body, or of some of its organs interrupting or ·disturbing the performance of the vital functions, or a particular instance or case of this and the word 'pain' being defined as a disagreeable feeling usually in its intenser degrees resulting from, or accompanying deranged or otherwise abnormal action of the physical powers."

"While it is sufficient to charge in general terms that an injury was negligently inflicted, the acts done must be stated and it must appear from the facts averred, and not from mere conclusion, that the negligence caused or contributed to the injury."

See also Sweat v. Foster, 28 Ga. App. 360, 111 S. E. 66; Mitchell v. Atkins, 36 Del. 451, 178 Atl. 593.

The declaration avers in effect that plaintiff was at the time of consulting the physician ill and in need of the services of a physician. From the allegations of the declaration it appears that she is still ill but whether her condition is better or worse than it was on April 1, 1937, is not shown. A physician or surgeon does not insure the correctness of his diagnosis. His responsibility is to use ordinary skill and diligence and to apply the means and methods ordinarily and generally used by physicians of ordinary skill and learning in the practice of his profession to determine the nature of the ailment and to act upon his honest opinion and conclusion. Edwards v. Uland, 193 Ind. 376, 140 N. E. 546; Clark v. George, 148 Minn. 52, 180 N. W. 1011.

It must, therefore, follow that unless plaintiff alleges the nature or identity of the malady of which she suffered and that such malady should have been recognized and diagnosed as such by a physician of ordinary skill and learning in prac-

tice of his profession, no cause of action is stated on the ground of erroneous diagnosis. Plaintiff must also allege the nature or identity of the malady suffered; that it was such that it should have been recognized, identified and diagnosed as such by a physician of ordinary skill and learning in the practice of his profession; that it was not so recognized and treated as such malady would have been treated by a physician of ordinary skill and learning in his profession, and that the treatment administered by the defendant was not a proper treatment for the existing malady but resulted in damage to plaintiff.

We find that no reversible error is made to appear and, therefore, judgment is affirmed, and the cause remanded, with permission to plaintiff in error to apply to the circuit court for leave to file an amended declaration.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, CHAPMAN and THOMAS, J. J., concur.

ADAMS, J., disqualified.