123 So.2d 751 (1960)
Edward OLSCHEFSKY, Appellant,
v.
James E. FISCHER, Appellee.
No. 59-597.
District Court of Appeal of Florida. Third District.
October 27, 1960.
Rehearing Denied November 15, 1960.
Howard N. Pelzner, Miami, for appellant.
Carey, Goodman, Terry, Dwyer & Austin, Miami, for appellee.
PEARSON, Judge.
Plaintiff appeals from a summary final judgment entered for the defendant in a malpractice action. The only point of appellant which merits our discussion is "[T]he court erred in granting a summary final judgment for defendant in spite of plaintiff's allegation that the defendant took only one X ray of the injured member, when the defendant himself admitted that the accepted technique in the Dade County area is two views."
The gist of plaintiff's action is that the doctor by taking only one X-ray picture of his left knee failed to exercise reasonable care and diligence in diagnosing his malady, especially in view of the fact that he complained to the doctor that he could not bend his knee and that there was a piece of broken bone cutting him inside his knee. It is alleged that as a result of the defendant's negligence in diagnosing the nature of plaintiff's ailment and failing to apply the correct treatment, the plaintiff suffered permanent injury to his knee.
The doctor, in his deposition, testified that he took "one X-ray film which consisted of two views, an A.P. which is a view from front to back and a lateral view which is a view from side to side." Another physician, who subsequently treated plaintiff, testified on deposition that he had the benefit of two X-ray views from the defendant, an anteroposterior and a lateral view. The plaintiff testified unequivocally, on deposition, that the defendant's *752 assistant took only one X ray. Contrary statements of the physicians and plaintiff present a factual conflict. Of course, the conflict must be a material one.
The defendant further testified that he had treated the patient in accordance with accepted medical practices followed by the qualified physicians of good standing in this community. The physician who subsequently treated the plaintiff testified that he would demand at least two X-ray views before treating a patient with plaintiff's symptoms and complaints.
Generally it is the duty of a medical practitioner to apply to the diagnosis and treatment of his patient the ordinary skills, means and methods that are recognized as necessary, and which are customarily followed in the particular cases, according to the standard of those who are qualified by training and experience to perform similar services in the community. Saunders v. Lischkoff, 137 Fla. 826, 188 So. 815, 819; Hill v. Boughton, 146 Fla. 505, 1 So.2d 610, 613, 134 A.L.R. 678; Brown v. Swindal, Fla.App. 1960, 121 So.2d 38, 40; Crovella v. Cochrane, Fla.App. 1958, 102 So.2d 307, 311.
In the instant case there appears to be no conflict as to the duty of a physician of ordinary skill and diligence in diagnosing plaintiff's ailment to take at least two X-ray views of the afflicted knee, i.e., an A.P. view and a lateral view. There is, however, contradictory evidence as to whether one or two X-ray views were taken. The issue created by this conflict of fact is a material one and in view of this genuine issue of material fact a summary final judgment should not have been entered.
Reversed and remanded for further proceedings not inconsistent herewith.
CARROLL, CHAS., J., concurs.
HORTON, C.J., dissents.