PER CURIAM.
In this case the court entered a summary judgment in favor of the defendants (ap-pellees) and against the plaintiff (appellant). The facts in the case are that the plaintiff was the employee of the defendant Erwin. The plaintiff sued the defendants for personal injury alleging negligence on the part of the defendants because of the defective condition of the brakes on a truck which the plaintiff was driving in the course of his employment. With other pleas, the defendants plead assumption of risk. The plaintiff employee informed the defendant Erwin, his employer, of the defective condition of the brakes on the truck; and after some discussion on the matter, the employer directed the plaintiff employee to continue using the truck and promised that he would have the brakes on the truck repaired. The next day the plaintiff was injured in his use of that truck. In the summary judgment, the court found that there was no genuine issue as to any material fact and the court concluded that if the brakes of the truck were defective that, as a matter of law, the plaintiff assumed the risk involved.
The courts are cautious in granting summary judgments in negligence cases, for negligence is usually for the determination of the jury. Saunders v. Kaplan, Fla.App., 101 So.2d 181. The burden of proof in a summary judgment is always on the moving party and all doubts must be resolved against him, Chirico v. Dew, Fla.App., 113 So.2d 597. The movant for summary judgment not only admits the basic facts established that are favorable to the adverse party, but also every conclusion or inference favorable to the adverse party that might be reasonably inferred from the evidence, Warring v. Winn-Dixie Stores, Inc., Fla.App., 105 So.2d 915.
An employee’s assumption of risk is suspended by the employer’s promise, made in response to the employee’s complaint, to repair a defective piece of machinery. In addition, an exception to the rule of assumption of risk is that an employee does not assume the risk of injury incident to his employment if the action causing the injury is done under the command of the employer. Where such evidence is produced, it may be properly submitted to the jury. 21 Fla.Jur., Master-Servant, Sections 52-53, pages 582-583; 35 Am.Jur., Master-Servant, Sections 315 and 320, pages 743-747; Bartholf v. Baker, Fla., 71 So.2d 480.
For the reasons stated, it was error for the court to enter the summary judgment, and the judgment is reversed and the cause is remanded.
Reversed.
SHANNON, C. J., and ICANNER and SMITH, JJ., concur.