140 So.2d 605 (1962)
Jean MUSACHIA, Appellant,
v.
Dr. Morton TERRY, Dr. Lowell Douglas Rosman, Dr. Albert J. Rosman, Daniel J. Harkins and Albert A. Feldman, Directors and As Trustees of Biscayne Osteopathic Hospital, Inc., a Dissolved Florida Corporation, and/or Operating As a Defacto Corporation and/or Biscayne Osteopathic Hospital, Inc., a Corporation Incorporated Pursuant to Chapter 617 of Florida Statutes, Appellees.
No. 61-353.
District Court of Appeal of Florida. Third District.
May 8, 1962.
Rehearing Denied May 24, 1962.
*606 Duke & Laufer, Miami, for appellant.
Malspeis & Baker, No. Miami, Blackwell, Walker & Gray and Paul R. Larkin, Jr., Miami, for appellees.
Before CARROLL, BARKDULL and HENDRY, JJ.
CARROLL, Judge.
Carmine Jack Musachia was severely beaten on March 28, 1959. Dr. Lowell Douglas Rosman was called to attend the beaten man and found him unconscious. Dr. Rosman had Musachia removed to the Biscayne Osteopathic Hospital where he was examined by an interne, whose tentative diagnosis was "traumatic injuries to the face and body generally with possible fracture of ribs on right; visceral bleeding and/or contusion; fracture of skull." X-rays were made of the skull, abdomen and chest. The X-ray of the chest did not reveal any fractures.
Dr. Lowell Rosman and his brother Dr. Albert Rosman and the consultant, Dr. Terry were osteopathic physicians. In addition, Dr. Terry was a specialist in the field of internal medicine. Their diagnosis was adynamic ileus, which was described as paralysis of an area of the small intestine. Musachia was discharged from the hospital and went home on April 4. He died the following morning. An autopsy revealed thirteen rib fractures, two perforations of the intestines, and generalized peritonitis.[1]
His widow Jean Musachia filed this action for wrongful death under Ch. 768, Fla. Stat., F.S.A., against Dr. Lowell Rosman, his partner Dr. Albert Rosman, Dr. Terry, the consultant, and against the hospital. The complaint charged the defendant doctors with negligence in diagnosis and treatment. The hospital was charged with negligent diagnosis and with having made inadequate X-rays and for negligent reading of those X-rays.
The cause proceeded to trial before a jury, and at the close of the plaintiff's case the trial judge granted defendants' motion for a directed verdict. Judgment was entered, and a motion for new trial was denied. Plaintiff has appealed.
The trial court was eminently correct in directing a verdict in favor of the hospital. The charge of negligence against the hospital was not sustained, and the circumstances disclosed were not such as to invite application of the doctrine of res *607 ipsa loquitur as to the hospital. See Roth v. Dade County, Fla. 1954, 71 So.2d 169; West Coast Hospital Ass'n v. Webb, Fla. 1951, 52 So.2d 803.
We conclude, however, that the trial judge committed error in directing a verdict in favor of the treating osteopathic physicians and the osteopath who consulted with them, the defendants Dr. Lowell Rosman, Dr. Albert Rosman and Dr. Morton Terry.
The respects in which it was contended by the plaintiff that the defendant doctors were guilty of negligence in diagnosis and treatment of the decedent were not open to ordinary observation by persons of common experience, and, therefore, were such as to require testimony of one who was qualified in the field of medical knowledge to inform the jurors of the proper procedures for diagnosing and treating the particular case. Atkins v. Humes, Fla. 1959, 110 So.2d 663, 666, 81 A.L.R.2d 590; Hill v. Boughton, 146 Fla. 505, 1 So.2d 610, 134 A.L.R. 678; Brown v. Swindal, Fla. App. 1960, 121 So.2d 38, 40; Crovella v. Cochrane, Fla.App. 1958, 102 So.2d 307, 310.
In recognition of the foregoing requirement, the plaintiff sought to present the opinion of Joseph S. Stewart, M.D. The refusal of the court to permit him to testify, because he was of a different school of medicine than the defendant doctors, is challenged by the appellant. In referring to testimony of that character, the Supreme Court in Foster v. Thornton, 125 Fla. 699, 170 So. 459, at 463, said:
"* * * It does not exclude the testimony of physicians of other schools or experts in other lines when that testimony bears on a point as to which the principles of the schools do or should concur, such as the dangers incident to the use of X-rays or the existence of a condition that should be recognized by any physician. 21 R.C.L. 383; 22 C.J. 661. In Longan v. Weltmer, 180 Mo. 322, 79 S.W. 655, 64 L.R.A. 969, 103 Am.St.Rep. 573, it was held that any person qualified by education and experience may testify whether the treatment which plaintiff underwent was proper."
The matter for which Dr. Stewart's testimony was offered here would appear to be within the exception noted above in Foster v. Thornton to the rule that doctors should be judged by those of their own school. This is so because with reference to internal injuries including fractured ribs, perforated intestines and generalized peritonitis, which resulted from a severe beating, the principles of the two schools should concur as to diagnosis. The same is applicable to the treatment, since it was not made to appear that the schools to which the witness and the defendants belonged required and employed different treatment for those conditions. Therefore, Dr. Stewart's testimony should not have been refused on the ground that he was a medical doctor and that the defendant doctors were osteopaths. See Foster v. Thornton, supra; Porter v. Puryear, 153 Tex. 82, 262 S.W.2d 933 (and opinion on rehearing, 153 Tex. 82, 264 S.W.2d 689); Miles v. Meadows, Tex. Civ.App. 1958, 309 S.W.2d 284, 286; Williams v. Marini, 105 Vt. 11, 162 A. 796, 797; Treptau v. Behrens Spa, Inc., 247 Wis. 438, 20 N.W.2d 108, 113; 41 Am.Jur., Physicians & Surgeons § 130; 32 C.J.S. Evidence § 537.
This case presents a further difficulty in that there was no sufficient proffer or proof. See rule 1.37(b), F.R.C.P., 30 F.S.A. Plaintiff's attorney attempted a proffer, by interrogating Dr. Stewart out of the presence of the jury on matters relating to diagnosis and treatment of the deceased, which, as hereinabove indicated were material to the establishment of plaintiff's cause of action. In the course of that proffer, objections were made by counsel for the defendants each time Dr. Stewart was asked to express his opinion. Such objections were sustained and the witness not *608 permitted to answer, thus preventing the proffer from being completed.
The proffer was necessary, and was an essential part of the plaintiff's case. When evidence offered by a party is ruled inadmissible, unless the testimony desired to be presented is otherwise shown on the record, it is necessary to make a proffer thereof so that a reviewing court may determine what was excluded and whether the exclusion was prejudicial. See Lawson v. Loftin, 155 Fla. 685, 21 So.2d 202, 204; Ritter's Hotel, Inc. v. Sidebothom, 142 Fla. 171, 194 So. 322, 323; Green v. Hood, Fla. App. 1960, 120 So.2d 223, 226; Conrad, Modern Trial Evidence § 1219 (1956). After it is made, if the proffer is objected to, a ruling follows either allowing the testimony to be presented in the case, or sustaining the objection to the proffer. Therefore, when a proffer of proof is being made by questioning a witness out of the presence of the jury, the witness should be allowed to answer the questions put to him. The error in not allowing the making and completion of the proffer was prejudicial to the plaintiff, because there was no way to know whether Dr. Stewart's answers would have amounted to expert testimony which could serve as a basis for the jury to find that the defendant doctors failed "to use ordinary skill and diligence and to apply the means and methods ordinarily and generally used by physicians of ordinary skill and learning in the practice of his profession to determine the nature of the ailment and to act upon his honest opinion and conclusion." See Hill v. Boughton, supra, 1 So.2d at 613.
The judgment is affirmed as to the defendants Daniel J. Harkins and Albert A. Feldman, as trustees of Biscayne Osteopathic Hospital, Inc., a dissolved Florida corporation. The judgment is reversed and the cause remanded for a new trial as to the defendants Dr. Lowell Rosman, Dr. Albert Rosman and Dr. Morton Terry.
Affirmed in part and reversed in part and remanded for a new trial.
NOTES
[1] The pathologist who performed the autopsy concluded death had resulted from the peritonitis. But it should be noted he found the perforations of the intestines had been made or occurred only a day or so before the death, and he found the ileum section of the intestines to have been paralyzed or non-functional, a condition not inconsistent with the Rosman diagnosis as far as it went.