McMULLEN, NEIL C., Associate Judge.
This is an appeal by defendant in Court below from a Judgment awarded plaintiffs as a result of personal injuries. The plaintiff Eleanor May King was one of two employees of the defendant Julia Schumaker in defendant’s tavern located in Manatee County, Florida.
On March 17, 1959, plaintiff Eleanor May King, acting in the course of her employment, was proceeding to the rear of the tavern to close a door which had been left open by a customer as he entered the tavern. In order to reach the rear door it was necessary for Mrs. King to traverse a ramp connecting the upper and lower levels of the floor of the back room of the tavern. As she proceeded to the rear door, Mrs. King was looking down and forward and was not carrying anything. As Mrs. King stepped onto the ramp, her feet slipped out from under her and she sustained a fall.
The ramp was wet and slippery at the time of Mrs. King’s fall, as it had been on other occasions when it rained. There was evidence on which the jury could find that plaintiff Eleanor May King had complained to defendant of the condition of the ramp on several occasions prior to her fall; that defendant had assured her the condition would be remedied; and that Mrs. King relied upon said assurances. As a result of her fall, the plaintiff Eleanor May King suffered injuries. She and her husband were awarded damages by the jury.
Appellant contends plaintiff Eleanor May King was guilty of contributory negligence and assumption of risk as a matter of law. She further contends certain jury instructions were harmful error.
The lower Court properly submitted for jury determination the factual existence of the doctrine of notice and promise to repair. This doctrine is an exception to the applicability of the defenses of contributory negligence and assumption of risk. Briefly, the doctrine provides that where a servant notifies his master of the existence of á defect or danger in the place of work, ways, tools or machinery used by the servant in carrying out his employment and the master promises to repair or remove it, the above defenses are suspended for a reasonable time after the promise. See Tampa Shipbuilding and Engineering Co. v. Thomas, 1938, 131 Fla. 650, 179 So. 705; Prescott v. Erwin, Fla.App.1961, 133 So. 2d 332; 35 Am.Jur., Master and Servant, 694, 695; 56 C.J.S. Master and Servant § 435, p. 1259; 21 Fla.Jur., Master and Servant, 582.
• The reason for the doctrine is discussed in 35 Am.Jur., Master and Servant, 695, thus:
“This rule of the doctrine of notice and promise to repair is claimed to be *809 reasonable and salutary, in that it operates to save the employee from the necessity of quitting the employment the very instant he discovers a danger, under the penalty of being denied a recovery for any injury incurred in consequence thereof, and that it also has a tendency to make the employee prompt in reporting any defects which he may discover.”
Considering the instructions as a whole, we find no reversible error therein.
Affirmed.
SHANNON, C. J., and SMITH, J., concur.