CARROLL, Judge.
The appellants were the employers of the appellee. The latter suffered an injury while working as a domestic in the home of the appellants, when she fell from a kitchen ladder or stool. She brought this action against her employers alleging unsafe conditions of employment through known defect in the stool. The employers denied negligence and pleaded contributory negligence and assumption of risk.
The cause was tried before a jury. It was disclosed that the plaintiff’s duties required her use of the stool on occasion; that she reported to her employer that the stool was weak; that the employer replied that she used it; that plaintiff relied on that statement of the employer as indicating the stool was not defective, and proceeded to use it without knowledge of any actual defect. The trial court struck the defense of assumption of risk and the cause was submitted to the jury on the issues of negligence and contributory negligence. Verdict was rendered in favor of the plaintiff for $7,500 and the defendants appealed.
Appellants contend the trial court was in error in refusing to direct a verdict for defendants; that it was error to strike the defense of assumption of risk; and that the court was in error in refusing to instruct the jury on assumption of risk and on the simple tool doctrine.
The trial court was correct in submitting the cause to the jury on the issues of negligence and contributory negligence, and no reason is disclosed to disturb the jury’s determination of those issues in this case.
The defense of assumption of risk was properly withdrawn by the court for two reasons. As stated in Bartholf v. Baker, Fla.1954, 71 So.2d 480, 483: “Voluntary exposure is the bedrock upon which the doctrine of assumed risk rests. Appreciation of the danger is an essential to the defense of assumption of risk, or of contributory negligence, as is knowledge of the condition which creates the peril.” Here it was not shown that the plaintiff proceeded to use the stool with appreciation of any danger from it. Her initial misgivings as to its capacity were allayed by the assurance of her employer that she used the stool, and plaintiff disclaimed knowledge thereafter of any defect or danger in use of the stool. When the plaintiff complained to her mistress that the stool appeared weak, and was told by the mistress that she herself used the stool, and as it was necessary to use the stool in performance of her duties and no other was available, the servant-plaintiff was entitled to assume or interpret her employer’s remark about herself using the stool as a direction for the servant to do so. In those circumstances the doctrine would not be applicable. See Bartholf v. Baker, supra; Prescott v. Erwin, Fla.App.1961, 133 So.2d 332; 21 Fla.Jur., Master and Servant § 53. Cf. Schumaker v. King, Fla.App.1962, 141 So.2d 807. Moreover, if it was error to strike the defense of assumption of risk, the error was rendered harmless. This is so because, as pointed out by appellee, the court in effect reinstated the defense by charging the jury, as follows: “I further charge you that if the employee uses an appliance that is dangerous and defective with knowledge of the danger and the defect, there can be no recovery, even though the appliance is used at the direct command of a superior.” Our quotation of that charge is not to be construed as its approval.
On the basis of the foregoing we hold appellants’ third contention is not well founded.
No reversible error having been made to appear, the judgment appealed from is affirmed.
Affirmed.