ROBERTS, Justice.
This is a review by conflict certiorari of a decision by the District Court of Appeal, Third District, affirming a judgment in the amount of $7,500.00 in favor of the respondent, Blanche Murray Gartrell, a domestic employee, who was injured while working in the home of the petitioner, Joseph Sonnenborn, when a stool used in the performance of her duties collapsed, resulting in physical injuries. The factual background and questions of law involved are set forth in the opinion of the District Court in Sonnenborn v. Gartrell, 179 So.2d 385, and it would serve no useful purpose to repeat them here.
Upon complaint being filed by the plaintiff (Gartrell), the defendants (Sonnenborns) denied negligence and pleaded contributory negligence and assumption of risk. The trial judge withdrew from the jury the assumption of risk question, and submitted the case on the plaintiff’s charge of negligence and the defenses' of not guilty and contributory negligence. Verdict was returned and judgment entered in favor of the plaintiff in the amount of $7,500.00. The DCA affirmed, holding
“When the plaintiff complained to her mistress that the stool appeared weak, and was told by the mistress that she herself used the stool, and as it was necessary to use the stool in performance of her duties and no other was available, the servant-plaintiff was entitled to assume or interpret her employer’s remark about herself using the stool as a direction for the servant to do so. In those circumstances the doctrine would not be applicable.” (Italics supplied.)
The decision by the District Court announcing that the doctrine of assumption of risk would not he applicable is in conflict with Bartholf v. Baker, Fla. 1954, 71 So.2d 480.
In the Bartholf case Baker was employed to work in the dairy owned and operated. *623 by Bartholf. “He was assigned to duties inside the milking shed. One day about three weeks after he was employed the foreman who employed Baker directed him to help drive a cow into the barn. The cow was driven to a concrete ramp leading into the barn. She proceeded part way up the ramp. Baker was behind her and to one side. The cow, instead of going into the barn, turned around and charged toward Baker [as he expressed it, ‘she come at me’]. Baker stumbled and fell in an attempt to get out of her path. Before he could regain his feet the cow slipped and fell on his left leg, breaking Baker’s ankle.” Baker sued, alleging failure of Bartholf to provide a safe place to work. Bartholf defended, denying negligence and pleading contributory negligence and assumption of risk. In reviewing the case, this court said:
“The question of contributory negligence, Atlantic Coast Line R. Co. v. Gary, Fla., 57 So.2d 10, as well as that of assumption of risk, Wilson & Toomer Fertilizer Co. v. Lee, 90 Fla. 632, 106 So. 462, was properly submitted to the jury.” (Italics supplied.)
In holding that the doctrine of assumption of risk would not be applicable in this case on somewhat analogous facts, we find a direct conflict on the same point of law, and this court has jurisdiction under Section 4(2), Article V, Constitution of Florida, F.S.A. It was then error for the trial judge to withdraw the question of assumption of risk from the jury under the facts present in this case, and likewise error for the District Court of Appeal to approve the ruling. We hold that under the facts in this case the question of assumption of risk should have been submitted to the jury. However, that brings us to the question of whether or not such error was harmful and reversible on the record here reviewed.
Section 54.23, Florida Statutes, F.S.A., provides:
“Harmless error; effect. — No judgment shall be set aside or reversed, or new trial granted by any court of the state in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed.”
And Section 924.33, Florida Statutes, F.S. A., further provides:
“When judgment not to be reversed or modified. — No judgment shall be reversed unless the appellate court after an examination of all the appeal papers is of the opinion that error was committed which injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant.”
The District Court of Appeal held, and we agree, that under the facts here presented the error in withdrawing the defense of assumption of risk became harmless because the trial court, in effect, reinstated the defense by charging the jury as follows:
“ T further charge you that if the employee uses an appliance that is dangerous and defective with knowledge of the danger and the defect, there can be no recovery, even though the appliance is used at the direct command of a superior.’ ”
It is significant that in referring to this charge the District Court said, “Our quotation of that charge is not to be construed as its approval.”
Thus, by the application of Sections 54.23 and 924.33, Florida Statutes, F.S.A., the error above referred to is harmless and no showing has been made that it resulted in a miscarriage of justice.
*624 Accordingly, that part of the opinion of the District Court of Appeal affirming the order of the trial court in withdrawing the defense of assumption of risk from the jury is disapproved, but the part holding that the judgment was without harmful error is correct. Therefore, the writ of certiorari heretofore issued in this cause is hereby discharged.
It is so ordered.
DREW, O’CONNELL and CALDWELL, JJ., concur.
ERVIN, J., agrees to conclusion.
THORNAL, C. J., and THOMAS, J., dissent.