264 So.2d 859 (1972)
MIRIAM MASCHECK, INC., a Florida Corporation, and Miriam Maschek, Appellants,
v.
Ruth MAUSNER and Howard Mausner, Appellees.
No. 71-1220.
District Court of Appeal of Florida, Third District.
July 25, 1972.
*860 Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and A.H. Toothman, Miami, for appellants.
Frates, Floyd, Pearson & Stewart and L. Edward McClellan, Jr., Miami, for appellees.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Miriam Maschek, Inc. and Miriam Maschek, defendants below, seek review of an adverse jury verdict and final judgment in a case involving negligent treatment administered by a facial rejuvenator.
Appellants operate the Miriam Maschek Salon in Dade County, Florida and perform skin peeling and facial rejuvenation processes for their patients. Mrs. Ruth Mausner, plaintiff-appellee, sought appellants' services in order to achieve a more even skin coloring. As a result of the treatment, which included the application of the chemical phenol, Mrs. Mausner received severe chemical burns to her neck and upper chest area. The burns resulted in permanent scarring and a considerable psychological reaction. The case proceeded to trial and the jury returned a verdict for plaintiff, Ruth Mausner, in the sum of $30,000 and for plaintiff-husband, Howard Mausner, in the sum of $5,000.
On appeal appellants argue two points: (1) the court's charge to the jury held appellant, Miriam Maschek, a non-medical person, to the same standard of care as a *861 medical doctor, and (2) that the jury was improperly instructed on the issue of informed consent.
Negligence is the failure to use that degree of care, diligence and skill that is one's legal duty to use in order to protect another person from injury. The degree of care required is ordinary and reasonable care according to a particular set of circumstances. The law, however, will demand from a person with knowledge, skill or intellect superior to that of the ordinary man, conduct which is consistent with his individual ability. Professional individuals in general and those who undertake any work or calling for which a special skill is required have a duty not only to exercise reasonable care in what they do, but also to possess a standard minimum of special knowledge and ability.
A physician is an example of one who must exercise this special standard of care since he is required to possess that reasonable degree of learning, skill and experience which ordinarily is possessed by others of his profession, and he must exercise reasonable and ordinary care and diligence in the execution of his skill and the application of his knowledge and exert his best judgment as to the treatment of a case entrusted to him. The means and methods employed must be recognized as necessary and which are customarily followed in the particular type of case according to the standards of those who are qualified by similar training and experience to perform similar services in the community or in a similar community. Hill v. Boughton, 146 Fla. 505, 1 So.2d 610 (1941); Saunders v. Lischkoff, 137 Fla. 826, 188 So. 815 (1939); Potock v. Turek, Fla.App. 1969, 227 So.2d 724; O'Grady v. Wickman, Fla. App. 1968, 213 So.2d 321; Lab v. Hall, Fla.App. 1967, 200 So.2d 556.
While most of the decided cases deal with physicians and surgeons, the same increased standard is undoubtedly true for dentists, attorneys, architects, engineers, accountants, and other professionals or those in skilled trades. Prosser on Torts § 32 (1964). Certainly in the application of chemicals to the skin, appellants should be held to a higher standard of care than the average man.
Appellants hold themselves out to the public as having a special knowledge and skill in treating certain dermatological conditions. They should be bound, therefore, not only to the ordinary degree of care, skill and knowledge possessed by the layman, but also to exercise the special degree of care, skill and knowledge possessed by members of their profession who specialize in the treatment of similar conditions in similar localities, having a regard for the present state of medical and scientific knowledge at the time of the treatment. An instruction of this nature is not erroneous since it is adequately supported by the facts in the case sub judice and the prevailing law in Florida. Further, it does not hold appellants to the degree of care of a medical doctor but only to the degree of a professional person similar to which appellant, Maschek, was or should have been.
With regard to charging the jury on the issue of informed consent, the record on appeal supports a finding that there was a failure to adequately inform Mrs. Mausner of the risks she would face when undergoing the treatment administered by appellants. This was an affirmative duty on the part of appellants. Again using a medical analogy, before operating on a patient a doctor is required to obtain that patient's informed consent for the operation. Unless a person who gives consent to an operation knows its dangers and the degree of danger, a "consent" does not represent a choice and is ineffectual. Ditlow v. Kaplan, Fla.App. 1965, 181 So.2d 226; Bowers v. Talmage, Fla.App. 1963, 159 So.2d 888; Chambers v. Nottebaum, Fla.App. 1957, 96 So.2d 716. Because Mrs. Mausner was not sufficiently informed before treatment of the risks and dangers involved, *862 any consent obtained from her by appellants will be unavailing.
Therefore, the judgment of the lower court should be and hereby is affirmed.
Affirmed.