HAVERFIELD, Judge.
Defendant-appellants, Hialeah Hospital, Inc. and American Motorists Insurance Company, seek review of a jury verdict and final judgment entered in favor of plaintiff-appellee, Reba D. Johnson, in her suit for personal injuries allegedly caused by the hospital’s negligence.
Mrs. Johnson, a sixty-seven year old woman who has been paralyzed from the waist down following a spinal operation in 1954, was admitted to Hialeah Hospital by her attending physician for treatment of a persistent fever and decubitus ulcers —bed or pressure sores. With plaintiff’s condition progressing satisfactorily, her physician gave the hospital personnel the following orders: “May dangle, PRN”. This order allowed Mrs. Johnson to sit up with assistance on her bed with her feet dangling over the edge of the bed but without touching the floor. There *425 were no rails or other safety devices to protect Mrs. Johnson when in a dangle position, thus the doctor required assistance from the hospital staff to prevent plaintiff from having an accident while in this position.
On the afternoon of March 10, 1969, approximately one and one half months following Mrs. Johnson’s admission to the hospital, she was helped into the dangle position on the side of her bed by a nurse’s aide. While in this attitude, plaintiff, who was not aware of her doctor’s orders requiring help from the hospital staff while the dangle position was maintained, requested the nurse’s aide for letter writing stationery. The aide, contrary to the doctor’s instructions, left the room leaving plaintiff sitting alone on the bed. Her paralyzed legs could not hold her and she fell.
As a result of this accident, plaintiff suffered a serious and impacted fracture of her right leg. The fracture was not discovered by the hospital staff until the fourth day following the accident. Plaintiff, by reason of her paralyzed condition, could not feel anything in her legs and the hospital did not take x-rays immediately following the accident. Sitz baths, which had been previously prescribed by plaintiff’s attending physician, who was out of town during the accident, and the events which followed, were continued. The fracture suffered by Mrs. Johnson was aggravated by the sitz baths to the extent that it was ultimately necessary to amputate her leg.
Plaintiff, following this set of circumstances, filed a complaint charging the hospital with negligence by failing to care for, diagnose and treat her and for failure to provide suitable and appropriate medical attendants, nurses, equipment and supplies. The hospital answered with a general denial and the affirmative defense of contributory negligence. The cause was tried before a jury which returned a verdict for plaintiff in the amount of $208,000. Final judgment was entered and after timely post trial motions, this appeal ensued.
In the instant case plaintiff was not guilty of any negligence which was the proximate cause of her accident or the eventual amputation of her leg. Mrs. Johnson, unlike the hospital staff, did not know of the doctor’s orders that she dangle only with assistance and did not foresee any danger resulting from her request for stationery. The nurse’s aide left plaintiff alone in her room contrary to her instructions and as a result the accident occurred. Finally, it was the hospital’s failure to diagnose plaintiff’s injury which was the ultimate cause of the amputation.
Contributory negligence is available as a defense to negligence only if the person to be charged knew or should have known of the danger and then voluntarily exposed himself to it. Conversely, a person who exposes himself to danger without realizing or appreciating the danger, will not be barred in a negligence action from recovering on the theory of contributory negligence. Bartholf v. Baker, Fla. 1954, 71 So.2d 480; A Trysting Place, Inc. v. Kelly, Fla.App.1971, 245 So.2d 875; Sonnenborn v. Gartrell, Fla.App. 1965, 179 So. 2d 385; Beikirch v. City of Jacksonville Beach, Fla.App.1964, 159 So.2d 898.
Following plaintiff’s accident, it took the hospital four days to diagnose the resultant injuries. No x-rays were taken of her legs and the sitz bath treatments were continued. Expert medical testimony at trial concluded that, in view of plaintiff’s paralysis and the accompanying lack of sensation, this conduct fell below the minimum, standard of care ordinarily required by others in the medical profession according to the standards of those qualified by similar training and experience to perform similar services in this community. The failure of the hospital to maintain this special duty of care toward plaintiff will constitute negligence. Hill v. Boughton, *426 146 Fla. 505, 1 So.2d 610 (1941); Saunders v. Lischkoff, 137 Fla. 826, 188 So.2d 815 (1939); Miriam Mascheck, Inc. v. Mausner, Fla.App.1972, 264 So.2d 859; Potock v. Turek, Fla.App.1969, 227 So.2d 724; O’Grady v. Wickman, Fla.App.1968, 213 So.2d 321. Lab v. Hall, Fla.App.1967, 200 So.2d 556.
We have examined other issues raised by appellants and found them to be without merit. Accordingly, the judgment of the lower court should be and hereby is affirmed.
Affirmed.