PEARSON, Judge.
The plaintiffs, Philip and Claire Bromley, have appealed a summary final judgment for defendants Richard Joseph Preira, Charles P. Ratcliffe and Ida T. Ratcliffe, his wife. Defendant, counterclaimant and cross-claimant, Thomas Turner Carlson, has appealed the same summary final judgment. Thereafter, the plaintiffs Bromley appealed an order denying their motion for rehearing. The appeals were consolidated for all appellate purposes.
The action commenced with the Brom-leys’ complaint against Carlson for negligence resulting in an automobile collision. Thereafter, the Bromleys amended their complaint to charge Preira and the Rat-cliffes and a third party, Williams, who is not a party to this appeal, as defendants. The complaint alleged that Preira, the Rat-cliffes and Williams were guilty of negligence contributing to the same accident. The Bromleys’ theory is that a collision of the Ratcliffe, Williams and Preira cars caused the Carlson car to swerve into the Bromleys’ car and that, therefore, Ratcliffe, Williams and Preira are also liable. Defendant Carlson counterclaimed against the Bromleys and cross-claimed against Rat-cliffe and Preira. Discovery proceeded as follows: interrogatories propounded by Bromleys to Carlson and answers; interrogatories propounded by Carlson to Philip Bromley and answers; interrogatories propounded by Carlson to Claire Bromley and answers; deposition of Claire Bromley; deposition of Philip Bromley. Thereafter, the trial judge granted a summary judgment to the Ratcliffes and Preira.
The theory upon which the summary judgment appears to have been granted and the basis therefor advanced in this court is that there were two separate traffic incidents. One was between the Bromleys and Carlson and the other involved Preira, the Ratcliffes and Williams, and the two were not causally connected so that Preira and Ratcliffes were not properly party defendants in the litigation between Bromley and Carlson.
The appellants Bromley and Carlson urge that the pleadings set forth a valid claim of negligence against Preira and Ratcliffe as having, by their unprovoked action, slowed or stopped on the expressway, contributing to the subsequent collision between Brom-ley and Carlson.
Our examination of the record substantiates Ratcliffe and Preira’s claim that there is an absence of evidence on this record to show a causal connection between the two traffic incidents. However, this is not a basis for summary judgment in a negligence proceeding where it is the burden of the moving party defendant to show that the claim of negligence is conclusively refuted by the facts. See Prescott v. Erwin, 133 So.2d 332 (Fla. 2d DCA 1961). The appellees did not meet this burden in the trial court. It is noted that discovery is by no means complete and that several of the parties to the claimed five-car traffic incident have not been deposed. No affidavits in support of the motions for summary judgments were submitted. Therefore, the issue of causation remains.
*613 The summary judgment is reversed and the cause remanded with directions to proceed herewith. We do not preclude the possibility of subsequent motions for summary judgment based upon a proper record.
Reversed and remanded.